IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-cr-30157-DWD |
| | ) |
| MICHAEL ALLEN, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**DUGAN, District Judge:**

Before the Court is the Request for Summons and Modification of the Conditions or Term of Supervision ("Request for Summons and Modification") (Doc. 51), which was the subject of a hearing on November 7, 2023.

On February 22, 2022, Defendant was sentenced to a term of 27 months of imprisonment and a term of 24 months of supervised release for being a felon in possession of a firearm. (Doc. 45). Defendant was released from custody on October 16, 2023, so his supervised release began on that date. (Doc. 51, pg. 1).

On October 25, 2023, the instant Request for Summons and Modification was filed, seeking Defendant's participation in an approved sexual-offender treatment program and, if necessary, an approved sexual-predator evaluation. (Doc. 51, pg. 1). The Request for Summons and Modification notes that in 2003 Defendant was convicted of Gross Sexual Imposition of a 10-year-old child in Cuyahoga County, Ohio, and sentenced to a term of 3 years of imprisonment. (Doc. 51, pg. 1). Defendant reported that he completed

a sex offender treatment program, but the Ohio Department of Rehabilitation and Correction was unable to confirm or deny that report due to its record retention schedule.

The Government supports the requested modification, relying on the absence of a verification that Defendant completed a sex offender treatment program. In objecting to the modification at the hearing, Defendant noted the age of the sex offense, the absence of additional sex offenses, and the lack of a relationship with the offense in this case.

Now, the Court may "modify, reduce, or enlarge the conditions of supervised release[] at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision." *See* 18 U.S.C. § 3583(e)(2); *U.S. v. Evans*, 727 F.3d 730, 732 (7th Cir. 2013); *accord U.S. v. Neal*, 662 F.3d 936, 938 (7th Cir. 2011). "Any modification, like the original conditions, must (1) be 'reasonably related to the factors identified in § 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant; (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and (3) [be] consistent with the policy statements issued by the Sentencing Commission.'" *See Evans*, 727 F.3d at 733 (quoting *U.S. v. Ross*, 475 F.3d 871, 873 (7th Cir. 2007)); *accord Neal*, 662 F.3d at 938.

Notably, § 3583(e)(2) does not require a violation of existing conditions, "or even changed circumstances," for the Court to act. *See Evans*, 727 F.3d at 732. As the Seventh Circuit has recognized, the committee notes to Federal Rule of Criminal Procedure 32.1 "explain[] that 'conditions should be subject to modification, for the sentencing court

2

must be able to respond to changes in the probationer's circumstances as well as new ideas and methods of rehabilitation.' " *See id*. (quoting the Advisory Committee Notes to Rule 32.1). The Court has "wide discretion" to modify the terms of supervised release, just as it has "wide discretion" to impose the original terms of supervised release. *See id*. (quoting *U.S. v. Sines*, 303 F.3d 793, 800 (7th Cir. 2002)); *accord Neal*, 662 F.3d at 938.

Here, although Defendant invokes *U.S. v. Johnson*, 756 F.3d 532 (7th Cir. 2014), in support of his position, the Court finds the facts of this case are more akin to those in the Seventh Circuit's recent decision in *U.S. v. Russell*, 81 F.4th 726 (7th Cir. 2023). In that case, the defendant was guilty of distributing heroin and fentanyl. *See Russell*, 81 F.4th at 728. However, the defendant also had a 2010 conviction for misdemeanor domestic battery, which involved an allegation that he "inappropriately touched" his girlfriend's daughter. *See id*. The Seventh Circuit concluded that the district court did not abuse its discretion by imposing "the modest [sex-offender] assessment condition," not sex-offender treatment, as the Court does in the present case. *See id. at* 729-30. The Seventh Circuit's reasoning, which the Court finds is equally applicable in this case, was as follows: (1) there was reliable information in the PSR that the defendant sexually assaulted a minor; (2) there was no record that the defendant received an assessment or past treatment; (3) "the condition was narrowly tailored" in that it ordered a sex-offender assessment to evaluate whether the defendant would benefit from treatment *but did not* order treatment; (4) the defendant was "not deprived…of more liberty than reasonably necessary"; (5) the condition for a sex-offender assessment promoted the Sentencing Commission's policy goals; (6) the district court "proceeded carefully by only imposing

3

a sex-offender condition and not considering whether treatment was warranted unless and until the assessment recommended treatment"; (7) the condition to participate in a sex-offender assessment was not an impermissible delegation of judicial authority because the court "retained exclusive control over whether treatment would be ordered"; and (8) *Johnson* was "inapposite" because it imposed sex-offender treatment but not a sexual-offender assessment. *See id.* Therefore, consistent with *Russell* and the Court's reasoning at the hearing, which included that the U.S. Probation Office could not verify one way or another whether Defendant completed sex-offender treatment after his conviction in Ohio and a sex-offender assessment is the least intrusive means of gauging the appropriateness of such treatment in this case, the Court in its discretion **ORDERS**:

> Within 60 days, Defendant shall submit to and participate in a sexual offense assessment, which includes polygraph examination, completed by a licensed provider. To that end, Defendant shall execute those release forms necessary for the licensed provider to conduct the sexual offense assessment. The cost of the sexual offense assessment shall be borne by the U.S. Probation Office. The Court directs the probation officer in charge to approve the licensed provider and to notify Defendant of the same.

Finally, the Court **DENIES** Defendants' oral request to stay this decision pending an appeal.

**SO ORDERED.**

Dated: November 8, 2023

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge
